UNITED STATES DISTRICT COURT
MIDDLE DISTRICT FLORIDA
TAMPA DIVISION

**RONALD MCKINNEY**,

    **Plaintiff**,

vs.                                                              Case No. 8:04-CV-1040-T-EAJ

**JO ANNE B. BARNHART,**
**Commissioner of**
**Social Security**,

    **Defendant**.
_____/

## ORDER

Before the court is Plaintiff's **Petition for Attorney's Fees** (Dkt. 24).

Plaintiff requests an award of attorney's fees in the amount of $1,512.50 pursuant to the Equal Access to Justice Act (hereinafter "EAJA" or "the Act"), 28 U.S.C. § 2412(d) (1992). Plaintiff represents that Defendant does not oppose Plaintiff's request, so long as this court has jurisdiction over Plaintiff's request for fees (Dkt. 24 at 2). As will be discussed <u>infra</u>, Plaintiff has satisfied all jurisdictional requirements for this court to grant the instant motion for attorney's fees.

The amount requested by Plaintiff represents 4.10 hours spent by Michael Steinberg, Esq., and 8.00 hours spent by Denis Wasitis, Esq., at a rate of $125.00 for a total sum of $1,512.50.

The EAJA permits an award of "fees and other expenses" to an individual who prevails in a suit in which the government is a party and the government's litigating position was not

"substantially justified," unless special circumstances make an award unjust. § 2412(d)(1)(A).

This court's order (Dkt. 22) granting Defendant's motion to remand this case to the Commissioner for further proceedings under sentence four of 42 U.S.C. § 405(g) entitles Plaintiff to prevailing party status under the EAJA because Plaintiff obtained a "sentence four" judgment. Shalala v. Schaefer, 509 U.S. 292, 302-03 (1993).  In this case, the government's position was not substantially justified.

The EAJA requires that a party seeking an award of fees submit to the court an application for such fees "within thirty days of final judgment in the action." § 2412(d)(1)(B).

The EAJA defines "final judgment" as a judgment that is "final and not appealable." § 2412(d)(2)(G).  Thus, in sentence four cases, the filing period begins after the final judgment is entered by the court and the appeal period has run, so that the judgment is no longer appealable.  Schaefer, 509 U.S. at 298; See also Melkonyan v. Sullivan, 501 U.S. 89, 102 (1991); Boronat v. Sullivan, 788 F. Supp. 557, 559-60 (S.D. Fla. 1992) (thirty-day period for filing EAJA application for attorney's fees begins after the court enters final judgment and the sixty-day appeal period has run).

Judgment for Plaintiff was entered on March 10, 2005 (Dkt. 23),  Plaintiff's motion for attorney's fees (Dkt. 24) was filed on

May 2, 2005.  Accordingly, Plaintiff's motion is timely filed, and this court has jurisdiction to award the requested fees.

Moreover, as the hourly rate and number of hours are not in dispute, the court finds it unnecessary to determine whether the application, if contested, otherwise complies with the EAJA.  This court will therefore grant Plaintiff's request for attorney's fees.

Accordingly and upon consideration, it is **ORDERED** and **ADJUDGED** that:

1) Plaintiff's **Petition for Attorney's Fees** (Dkt. 24) is **GRANTED;** and

2) Plaintiff's counsel, Michael A. Steinberg and Associates, shall be awarded  $1,512.50 in attorney's fees.

**DONE** and **ORDERED** in Tampa, Florida this 25th day of May 2005.

ELIZABETH A JENKINS
United States Magistrate Judge